García et al., Demandantes y Apelantes, *v.* Cantero Fernández & Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios por libelo.

No. 2212.—Resuelto en junio 11, 1920.

Libelo—Daños y Perjuicios por Libelo—Apreciación de Pruebas.—El hecho de que varios testigos del demandante en una acción de daños y perjuicios por libelo declaren que ellos dedujeron de la lectura de los sueltos publicados que se trataba de una casa de citas, no obliga a la corte. Esta tenía la facultad de juzgar de las declaraciones por sí misma en relación con el contenido de los sueltos, dándoles el crédito y el alcance que en justicia tuvieran, y a menos que se demuestre que la corte erró en el ejercicio de esa facultad, la conclusión a que llegue debe ser sostenida por la corte de apelación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Oller & Rodríguez.*

Abogado de la apelada: *Sr. A. Sarmiento.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Ramón García y su esposa Obdulia O'Kelly entablaron demanda contra Cantero, Fernández & Co., editores del periódico *El Imparcial* que se publica en esta ciudad de San Juan, Puerto Rico, en reclamación de daños y perjuicios causádoles por ciertos sueltos que aparecieron en dicho periódico y que los demandantes estimaron que les imputaban el hecho incierto de tener una casa dedicada a citas deshonestas. Contestó la parte demandada negando los hechos de la demanda que le perjudicaban y afirmando que los sueltos en cuestión se publicaron a virtud de información de personas que le merecían crédito y se referían a hechos indicativos de que se jugaba a lo prohibido en cierta casa de Cataño. Fué el pleito a juicio. Practicó su prueba la parte demandante. La demandada no ofreció prueba alguna. Y la corte finalmente dictó sentencia declarando la demanda sin lugar. Contra esa sentencia interpusieron los demandantes el presente recurso de apelación.

En su opinión, la corte de distrito se expresó así:

"La corte no encuentra prueba clara y convincente de que tales sueltos publicados en *El Imparcial* hicieran referencia directa y expresa, o claramente inferible, a los ·demandantes. Y aunque este extremo no fuera así, y en cuanto a él cupiera duda, la corte no encuentra que en dichos sueltos se diga que en la casa de los demandantes hubiera establecida una casa de citas deshonestas, ni que del contexto de los sueltos, y del examen de las circunstancias que se publicaron, nazca una inferencia lógica y justa de que se atribuye la existencia de tal casa escandalosa o de citas y se señale a los demandantes como sus dueños. Para que cupiere aquí una acción sería preciso que hubiera una forma lógica de extraer tal inferencia. Una inferencia que nazca de las interpretaciones de gentes maliciosas o ligeras de juicio, no puede ser causa de acción."

Los apelantes por su abogado han presentado un buen alegato revelador de un amplio estudio sobre la materia, pero sus argumentos no han convencido a esta corte. El hecho de que dos o tres testigos en el acto de la vista declararan que ellos dedujeron de la lectura de los sueltos que se trataba de una casa de citas, no obligaba a la corte. La corte tenía la facultad y el deber de juzgar dichas declaraciones por sí misma en relación con el contenido de los sueltos, dándoles el crédito y el alcance que en justicia tuvieran. Y no habiéndose demostrado que cometiera error manifiesto al proceder de tal modo, debe prevalecer su decisión. En tal virtud procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.